IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:16cr57 |
| | ) | |
| MARLON LEWIS DAYE, | ) | |
| a/k/a "Low," | ) | |
| | ) | |
| Defendant. | ) | |

**<u>POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING</u>**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, John F. Butler, Special Assistant United States Attorney, and Joseph E. DePadilla and Andrew C. Bosse, Assistant United States Attorneys, hereby submits its position with respect to the Defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable advisory guidelines range to be a term of 262 to 327 months' imprisonment on Count 1, which carries a mandatory minimum of 120 months. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and has conferred with the United States Probation Officer assigned to this matter and with defense counsel. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation, and has no outstanding objections to the PSR. The government understands that the Defendant is withdrawing his three objections, to the drug weight, firearm enhancement, and role enhancement. For the reasons outlined below, the United States respectfully submits that a sentence at the low end of the calculated guidelines range is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.      Motion**

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b) and based upon the terms of the binding plea agreement in this case, to grant an additional one-level reduction in the Defendant's offense level for acceptance of responsibility.  The Defendant timely notified the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

**II.     Background**

The Defendant was named in a one-count Criminal Information on April 15, 2016.  Docket No. 18.  On April 21, 2016, the Defendant was indicted on nine counts in connection with his role as a large-scale heroin trafficker.  Docket No. 21.  The Defendant was charged specifically with Conspiracy to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count 1); Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2); Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts 3-8); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 9).  The Defendant pleaded guilty to Count 1 on May 13, 2016.  Docket Nos. 27-32.  The sentencing hearing is set for September 27, 2016, before this Court.

**III.    Position on Sentencing and Argument**

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process.  First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'"

*Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

    A.    <u>Nature and Circumstances of the Offense</u>

For nearly eight years the Defendant was involved in a large-scale drug trafficking operation that, on the conservative end, distributed more than 32.5 kilograms of heroin.

Last summer, members of the "Outten Organization," a group responsible for the distribution of between 30 and 90 kilograms of heroin in Hampton Roads, with a street value of approximately $1.5 to $4.5 million, were arrested, convicted, and sentenced in this Court. One of the traffickers the Outten Organization used to ferry drugs from New York to Hampton Roads was also used by the Defendant to transport tens of thousands of dollars of heroin. The Defendant coordinated with this trafficker to secure a steady supply of heroin from New York for at least one year; he also used the same trafficker to deliver cocaine. The Defendant himself traveled to New York approximately once a month to oversee some of these transactions, but was clever enough to not transport the drugs himself. The Defendant distanced himself from the risks inherent in moving large quantities of drugs across state lines, and his decision to do so had a short-term benefit – his trafficker was arrested in November 2013 after a traffic stop in which police recovered approximately half a kilogram of heroin and 168 grams of cocaine.

Paying traffickers to transport heroin and reduce his own risk was not a new concept for the Defendant. For over two years, from March 2008 through August 2010, the Defendant

employed a different trafficker who delivered nearly 30 kilograms of heroin from New York to Hampton Roads.

From October 2015 to January 2016, law enforcement agents, using a confidential source, conducted seven controlled purchases from the Defendant comprising a total of 112 grams of heroin and 14 grams of cocaine. Some of these wholesale purchases involved $2,400 ounce quantities of heroin—not a street-level sale amount. On at least two of those occasions, the Defendant was seen with a firearm during the drug sale. On February 25, 2016, when agents of the FBI, Virginia State Police, and the Chesapeake Police Department arrested the Defendant, he was in possession of a .45 caliber handgun. Officers also recovered 24 grams of heroin, 30 grams of cocaine, multiple rifle magazines, and approximately $1,500 in cash from his residence.

    B.    <u>History and Characteristics of the Defendant</u>

The Defendant is 29 years old. He has had nearly a dozen contacts with the police, excluding traffic violations. Many of these arrests (*e.g.*, assault and battery (x5), controlled substance offenses (x3), maliciously shooting into an occupied dwelling) were ultimately dismissed, but the government notes that the majority of these arrests came during the charged conspiracy.

One of the defendant's arrests occurred on December 31, 2012. Police responded to a call in which a female had accused the Defendant of assault. While on the scene, police recovered what they suspected to be a significant amount of drugs or a cutting agent for drugs. The substance was later tested and found to contain 84 grams of monoacetylmorphine, a Schedule I controlled substance. The government notes that that drug quantity was not included in the PSR's calculations.

The Defendant was raised by two parents in a stable environment where his basic needs were met. Both of his parents are employed, and one sister serves in the U.S. Army. The

Defendant also ran a landscaping business, earning approximately $73,000 a year, and hired up to six employees depending on the season. Either that business was completely legitimate, in which case the Defendant was earning a comfortable lawful income, or it was a front for laundering proceeds from his drug sales. Either way, the Defendant is obviously a capable individual who could have earned a legitimate income. Instead, he chose to supplement his earnings by importing vast quantities of an extremely destructive drug into this community.

    C.    <u>Other Factors to be Considered Under Section 3553(a)</u>

The Defendant's advisory guidelines range is 262 to 327 months in prison, based on the significant amount of heroin involved in this case, his role in the offense, and his possession of a firearm. While each factor under 18 U.S.C. § 3553(a) must be considered in fashioning an appropriate sentence, the United States highlights the need to avoid unwarranted disparities in this case based on the relative culpability of the Defendant, the members of the Outten Organization—rival drug dealers who were using the same trafficker to import heroin into Hampton Roads—and the trafficker's own sentence in this Court. In 2015 the Honorable Mark Davis sentenced the following members of the Outten organization (2:15cr80) to:

| Defendant | Guidelines | Drug Weight Attributed by Probation | Sentence |
|---|---|---|---|
| Alonzo Outten | 360-Life (41/VI) | 36.1 kilograms | 360 Months |
| Jerald Outten | 324-405 (40/II) | 36 kilograms | 264 Months |
| Sherita Nicks | 235-293 (33/VI) | 36.1 kilograms | 216 Months |
| Deyonta Hinton | 262-327 (34/VI) | 3 kilograms | 262 Months |
| Jermaine Jones | 262-327 (34/VI) | 1.2 kilograms | 262 Months |

The Statement of Facts and the PSR refers to two traffickers the Defendant used. One of the Defendant's traffickers, who also served as a trafficker for the Outten Organization, was sentenced to 216 months' imprisonment. The Defendant, as the manager of that individual (who only trafficked heroin for one of the eight years the Defendant was distributing heroin and using others to import wholesale amounts of heroin), is far more culpable, making a sentence within his calculated guidelines range appropriate.

### IV. Conclusion

The Section 3553(a) factors, including the circumstances of the Defendant's role in the offense—an eight-year conspiracy that distributed a vast amount of heroin to addicts in Hampton Roads—weigh in favor of a significant sentence within the calculated guidelines range. Had the Defendant not received a reduction for acceptance of responsibility, his sentencing range would have been 360 months to life imprisonment (Criminal Offense Level 40/Criminal History III). Balancing the Defendant's culpability with his post-arrest conduct, which included taking responsibility for his crimes, the government submits that a sentence at the low end of the designated guidelines range would be sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

Dana Boente
United States Attorney

By:    /s/
John F. Butler
Special Assistant United States Attorney
Joseph DePadilla
Andrew Bosse
Assistant United States Attorneys
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510

                                                              Office Number: 757-441-6331
                                                        Facsimile Number: 757-441-6689
                                                              john.f.butler@usdoj.gov
                                                              joe.depadilla@usdoj.gov
                                                             andrew.bosse@usdoj.gov

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 20th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

          Keith Kimball, Esq.
          Attorney for Defendant Marlon Daye
          150 Boush Street, Suite 403
          Norfolk, Virginia 23510
          Phone: (757) 457-0870

     I HEREBY CERTIFY that on this 20th day of September, 2016, I sent my electronic mail a true and correct copy of the foregoing to the following:

          Jason D. Cole
          U.S. Probation Officer
          600 Granby Street, Suite 230
          Norfolk, Virginia 23510

            /s/
          John F. Butler
          Special Assistant United States Attorney
          Attorney for the United States
          United States Attorney's Office
          101 West Main Street, Suite 8000
          Norfolk, VA 23510
          Phone: (757) 441-6331
          Facsimile: (757) 441-6689
          john.f.butler@usdoj.gov